UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.

J.F., a minor, by and through her
Mother, natural guardian and next friend
S.F.,
    Plaintiff,

v.
CARNIVAL CORPORATION,
A Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,
    Defendant.
_____/

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, J.F., a minor proceeding by and through her mother, natural guardian, and next friend S.F.[1], both of whom are both residents and citizens of Ontario, Canada, sue Defendant CARNIVAL CORPORATION, a Panamanian Corporation, with its principal place of business in Florida, doing business as CARNIVAL CRUISE LINES ("CARNIVAL") and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. The minor Plaintiff J.F. is a permanent resident of Ontario, Canada. She is proceeding in this case through her mother, natural guardian, and next friend S.F., also a citizen and resident of Ontario, Canada.

---

[1] The Plaintiffs are proceeding through the use of their initials as pseudonyms, specifically "J.F." and "S.F.," due to J.F.'s status as a minor and the nature of the allegations detailed below. The Defendant knows the full names of the minor Plaintiff and her parents, having been advised of their names in the claim letter referenced below.

J.F. et al v. CARNIVAL CORPORATION
CASE NO.

3. Plaintiff S.F. is sui juris and is a permanent resident of Ontario, Canada. She is bringing this action on behalf of minor J.F. and as the father, natural guardian, and next friend of J.F.

4. Defendant CARNIVAL is a Panamanian corporation with its principal place of business in Miami, Miami-Dade County, Florida.

5. This court has admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 as the causes of action asserted are maritime torts occurring on navigable waters and implicating traditional maritime activity, specifically the operation of a passenger cruise vessel.

6. The Plaintiff is entitled to a jury trial pursuant to *Leslie v. Carnival Corp.*, 22 So. 3d 561,562 (Fla. 3d DCA 2008).

7. At all material times, CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

8. At all material times, CARNIVAL has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiffs.

9. The ticket contract between the parties, which was drafted by or on behalf of CARNIVAL without any negotiations with the Plaintiffs, required all fare paying passengers to bring any lawsuit against CARNIVAL arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Furthermore, CARNIVAL does business in this judicial district and has its principal place of business in this district. Venue is therefore proper in this Court.

J.F. et al v. CARNIVAL CORPORATION
CASE NO.

## LIABILITY AND DAMAGE ALLEGATIONS
## COMMON TO ALL COUNTS

10. At all material times, CARNIVAL was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "M/S HORIZON."

11. At all material times, Plaintiff S.F. and minor Plaintiff J.F. were fare paying passengers on board the M/S HORIZON under the ticket contract referenced above and were legally entitled to be aboard the vessel for the entire voyage.

12. At the time of her voyage aboard the M/S HORIZON, Plaintiff J.F. was a minor, age 15 years. Her age and status as a minor were known to CARNIVAL through CARNIVAL crewmembers on board the M/S HORIZON.

13. At all material times CARNIVAL advertised, and expressly and implicitly represented on its website and otherwise that it provided featured programming and facilities suitable for and targeted for patronage by adolescent passengers in the age group of minor Plaintiff J.F., ages 15 through 17, on board the M/S HORIZON. One of these featured facilities was a teen club represented as providing supervised entertainment, known as "Club O2". Specifically, CARNIVAL at all material times, through its website and otherwise, represented that:

   a. Participation in Club O2 activities would be reserved for minor passengers between the ages of 15 and 17;

   b. Minor passengers participating in Club O2 activities had to be registered by their parents or guardians for the Club O2 program before participating;

J.F. et al v. CARNIVAL CORPORATION
CASE NO.

  c. Programming in the Club O2 facility would be age appropriate and designed to allow minor passengers to socialize with other minor passengers within their age range;

  d. The age range for participation in Club O2 programming would be mandatory and strictly enforced;

  e. All Club O2 programming would be supervised by dedicated Youth Staff, all of whom would be screened with an extensive background check and would be required to have extensive professional experience in supervising children, appropriate training and education in the fields of education, child psychology or youth recreation, or both;

  f. Each ship, including the M/S HORIZON, would have a designated Club O2 leader responsible for supervising onboard Club O2 programming.

14. CARNIVAL represented that the Club O2 program and events it organized on board the ship was suitable for, designated as, and intended by CARNIVAL for use by adolescents in the specific age range of 15 to 17.

15. Thus, at all material times CARNIVAL expressly and implicitly represented that all onboard programming and facilities specifically intended and represented to be for adolescent passengers in the age range of J.F., 15 through 17, would be operated by competent and specially trained crewmembers qualified and trained to provide, manage, and supervise youth activities safely and securely for adolescent minors in that age range such as minor Plaintiff J.F.

16. In light of CARNIVAL's representations as summarized above, including the representations that Club O2 activities would be age appropriate, professionally supervised, and safe, S.F. reasonably relied upon these representations of CARNIVAL, registered J.F. to

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

participate in Club O2 programming on board the M/S HORIZON, and allowed her to participate in that programming.

17. In August of 2019, S.F. and J.F. boarded the M/S HORIZON as fare paying passengers for the purpose of participating in a voyage to various destinations in the Caribbean.

18. During the voyage, S.F. registered J.F. for the Club O2 program.

19. J.F. participated in Club O2 programming while on the M/S HORIZON.

20. While participating in Club O2 programming at the onboard Club O2 facility, J.F. met two minor males, D. and Z. Accompanying D. and Z. and also participating in Club O2 programming, notwithstanding his disqualifying age, was an eighteen year old male known to J.F. as "Jesus," last name unknown.

21. On or about August 27, 2019, J.F. participated in Club O2 programming with D., Z., Jesus, and others. When the Club closed at 1 A.M. shipboard time, J.F., D., Z, Jesus and others went to the Lido Deck to obtain pizza.

22. After obtaining pizza as described in the preceding paragraph, J.F. accompanied the others in her group, including the eighteen-year-old Jesus, as they descended the onboard elevators.

23. Z. asked to stop at his stateroom on Deck 6, representing that he wished to retrieve his cellphone charger. J.F. accompanied him to the stateroom, asked to retrieve a tissue from the bathroom voyage, and entered the stateroom. When J.F. entered Z's stateroom, D., Z. and Jesus entered the stateroom, locked the door, forcibly restrained J.F. on a bed, and engaged in nonconsensual sexual activity with her, including vaginal sexual intercourse and oral sexual contact.

24. In addition to her lack of factual consent to the sexual activity as alleged in the preceding paragraph, due to J.F.'s age, she was unable to provide valid consent to sexual intercourse or other sexual activity. For both of these reasons, all sexual contact with her on the ship by D., Z., Jesus or others constituted sexual assault and sexual battery.

25. J.F. initially did not disclose to S.F. or her other adult traveling companions the sexual assault described in the preceding two paragraphs, and accordingly continued to participate in Club O2 activities in the Club O2 facility.

26. On August 31, 2019, while J.F. was present in the Club O2 facility participating in Club O2 programming, she was physically assaulted and battered by other teenaged passengers then in the Club.

27. As a direct and proximate result of both the sexual assault and battery referred to above and the physical assault and battery referred to above, minor J.F. was injured in and about her body and extremities, suffered physical, emotional and psychological pain therefrom, embarrassment, humiliation, sustained mental anguish and emotional and psychological pain and suffering, and sustained disability and the inability to lead a normal life. J.F., and her mother S.F. on her behalf, have incurred expenses for medical treatment, mental health counseling and treatment, and psychological evaluation and treatment, the future medical, psychological treatment and counseling expenses being reasonably certain to occur. Furthermore, J.F.'s future earning capacity has been impaired. These damages are permanent or continuing in their nature and the minor Plaintiff J.F. will continue to sustain and incur such compensatory damages in the future.

28. The Plaintiffs have complied with all conditions precedent to bringing this action. In particular, on or about September 29, 2021, the Plaintiff's counsel sent Defendant

J.F. et al v. CARNIVAL CORPORATION
CASE NO.

CARNIVAL a written notice of claim as provided for in the passenger ticket contract. A copy of the letter with J.F.'s full name and the names of her parents redacted is attached as Exhibit 1.

## COUNT I
## NEGLIGENCE AGAINST CARNIVAL – DIRECT LIABILITY

29. The Plaintiffs adopt re-allege and incorporate by reference all allegations of Paragraphs 1 through 28 above and further allege the following.

30. At all material times, the Defendant CARNIVAL owed the Plaintiffs, as fare paying passengers aboard its cruise vessel, a duty of reasonable care for their safety and security.

31. At all material times, CARNIVAL knew or should have known that minor passengers participating in onboard youth programming events designated for adolescents would require reasonable supervision by adequately trained and experienced crewmembers in order to provide for their safety and security and represented on its website and otherwise that such supervision would be and was being provided.

32. CARNIVAL expressly represented to J.F.'s parents and others that responsible and qualified crewmembers would supervise and protect adolescent passengers participating in youth programming activities such as the Club O2 program.

33. S.F. as J.F.'s mother reasonably relied upon the representations of CARNIVAL regarding supervision of and the age appropriateness of Club O2 programming when registering J.F. to participate in the Club O2 program.

34. At all material times, CARNIVAL, if exercising reasonable care in the operation and supervision of the Club O2 program and facility, would have detected the presence of an overage male, the "Jesus" referred to in Paragraphs 20 through 23 above, and therefore would and should have had actual or constructive notice of his presence in the Club.

J.F. et al v. CARNIVAL CORPORATION
CASE NO.

35.     At all material times, CARNIVAL knew or should have known of the risks both of sexual assault and of physical assault on minor passengers participating in Club O2 programming, if that programming was not adequately supervised by responsible adult crewmembers, due to the occurrence of prior similar incidents.

36.     At all material times, CARNIVAL, if exercising reasonable care in the operation and supervision of the Club O2 program and facility, would and should have detected the adolescent passengers then in the Club as referenced in Paragraph 26 above threatening J.F. and/or initiating their assault on J.F. and should have intervened promptly to prevent the assault from occurring or continuing.

37.     At all material times, CARNIVAL failed to exercise reasonable care in the supervision and operation of the Club O2 program and was thereby negligent. The specific acts and omissions constituting the negligence were one or more of the following:

  a.    There were an inadequate number of crewmembers to supervise adolescents onboard and at Club O2.

  b.    Crewmembers supervising adolescents onboard and at Club O2. were inadequately trained to perform their duty of supervision.

  c.    Crewmembers supervising adolescents onboard and at Club O2 were not sufficiently experienced in supervising adolescent and youth programming.

  d.    CARNIVAL was not sufficiently attentive to the needs, behaviors, age, conduct, and circumstances of the adolescents present in Club O2 in order to respond in real time to potentially dangerous situations developing in the club.

  e.    CARNIVAL did not sufficiently monitor the needs, conduct, behavior, and circumstances of the adolescents present in Club O2.

8
GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

J.F. et al v. CARNIVAL CORPORATION
CASE NO.

  f.  CARNIVAL was not sufficiently attentive to the needs, behavior, conduct and circumstances of minor Plaintiff J.F. while she was in Club O2.

  g.  CARNIVAL did not sufficiently monitor the needs, behavior, conduct and circumstances of minor Plaintiff J.F. while she was present in Club O2.

  h.  CARNIVAL did not sufficiently monitor the needs, behavior, conduct and circumstances of the adolescent passengers who interacted with minor Plaintiff J.F. in Club O2.

  i.  CARNIVAL at all material times failed to implement proper protocols, policies and procedures for providing security services to minor passengers participating in Club O2 activities.

  j.  CARNIVAL at all material times failed to implement reasonably careful protocols, policies and procedures for providing security services to adolescent passengers.

  k.  CARNIVAL at all material times failed to deploy adequate numbers of properly trained security personnel to deal with the passenger population actually or constructively known to CARNIVAL.

  l.  At all material times CARNIVAL failed adequately to warn parents or guardians of minor passengers, including S.F. as J.F.'s mother, concerning the past history of sexual and physical assaults on board its vessels, and those of other cruise companies known to CARNIVAL, and further failed to warn parents or guardians to undertake appropriate precautions to prevent, deter, protect against, or minimize the known risks of such assaults.

m.  At all material times CARNIVAL failed to maintain adequate video surveillance of shipboard facilities including Club O2, common areas, and passenger stateroom hallways as necessary to provide a reasonably safe level of security for minor passengers.

n.  At all material times CARNIVAL failed adequately to monitor the video surveillance of shipboard facilities including Club O2, common areas, and passenger stateroom hallways which monitoring was needed to provide a reasonably safe level of security for minor passengers.

o.  CARNIVAL specifically failed to intervene to prevent or interrupt the contact between an overage male, "Jesus," and a teenager within the age range for Club O2, J.F., at Club O2 on August 27, 2019, and accordingly to prevent the sexual activity referenced in Paragraph 23 above.  Available interventions included warning, cautioning or otherwise advising the overage perpetrator Jesus that his attendance at Club O2 activities was unacceptable in accordance with CARNIVAL policies, expelling him from Club O2, and warning J.F. to cease contact with him.

p.  CARNIVAL failed to prevent the adult perpetrator Jesus from entering Club O2 despite the facility's being designated for adolescents 15 through 17 only;

q.  CARNIVAL failed to prevent the adult perpetrator Jesus from leaving Club O2 with J.F.;

r.  CARNIVAL failed to notify onboard security personnel that a minor female had left Club O2 in the company of an overage, unrelated male;

J.F. et al v. CARNIVAL CORPORATION
CASE NO.

    s.    CARNIVAL failed to inform S.F. that her minor daughter J.F. had left Club O2 in the company of an overage, unrelated male;

    t.    CARNIVAL also specifically failed to intervene to prevent or promptly and timely to interrupt the physical assault on J.F. within the Club O2 premises as described in Paragraph 26 above.

    u.    CARNIVAL at all material times failed to implement proper protocols, policies and procedures for providing security services to minor passengers participating in Club O2 activities.

38.    As a direct and proximate result of the negligent acts and omissions of CARNIVAL as alleged in the preceding paragraph, J.F. accompanied Jesus and Jesus's companions D. and Z. from the Club O2 facility and the sexual activity described in Paragraph 23 occurred.

39.    As a further direct and proximate result of the negligent acts and omissions of CARNIVAL as alleged above, the physical assault on J.F. on August 31, 2019 described in Paragraph 26 occurred.

40.    As a further direct and proximate result of the negligent acts and omissions of CARNIVAL as alleged above, J.F. has sustained and will in the future continue to sustain the compensatory damages alleged in Paragraph 27.  Furthermore, her mother S.F. acting on behalf of J.F. has incurred and will continue to incur the expenses alleged in Paragraph 27.

**WHEREFORE**, the Plaintiffs demand judgment against CARNIVAL for compensatory damages and the costs of this action and further demand trial by jury of all issues so triable as of right.

## COUNT II
## NEGLIGENCE AGAINST CARNIVAL – VICARIOUS LIABILITY

41. The Plaintiffs adopt re-allege and incorporate by reference all allegations of Paragraphs 1 through 28 above and further allege the following.

42. At all material times, the Defendant CARNIVAL owed the Plaintiffs, as fare paying passengers aboard its cruise vessel, a duty of reasonable care for their safety and security.

43. At all material times, CARNIVAL employed one or more crewmembers on board the M/S HORIZON for the purpose of supervising adolescent passengers participating in the ship's Club O2 programming for adolescent passengers aged 15 through 17.

44. At all material times, the acts or omissions of the CARNIVAL employees and crewmembers referenced in the preceding paragraph while supervising or being assigned to supervise Club O2 programming were undertaken and executed in furtherance of the business of the vessel, to-wit, supervising the adolescent passengers registered for and participating in Club O2 programming, so CARNIVAL was at all material times vicariously liable for any negligent acts or omissions of those crewmembers and employees while supervising or being assigned to supervise the Club O2 programming.

45. At all material times, the CARNIVAL crewmembers or employees referenced in Paragraph 43 and accordingly assigned to supervise adolescent passengers participating in the Club O2 programming on board the M/S HORIZON, if exercising reasonable care in the operation and supervision of the Club O2 program and facility, would have detected the presence of an overage male in the club, the "Jesus" referred to in Paragraphs 20 through 23 above and would have had the opportunity and ability to exclude him from the club.

J.F. et al v. CARNIVAL CORPORATION
CASE NO.

46. At all material times, the CARNIVAL crewmembers or employees referenced in Paragraph 43 and accordingly assigned to supervise adolescent passengers participating in the Club O2 programming on board the M/S HORIZON, if exercising reasonable care in the operation and supervision of the Club O2 program and facility, would and should have detected the adolescent passengers then in the Club as referenced in Paragraph 26 above threatening J.F. and/or initiating their assault on J.F. and should have intervened promptly to prevent the assault from occurring or continuing.

47. At all material times, the CARNIVAL crewmembers or employees referenced in Paragraph 43 and accordingly assigned to supervise adolescent passengers participating in the Club O2 programming on board the M/S HORIZON failed to exercise reasonable care in the supervision and operation of the Club O2 program and were thereby negligent. The specific acts and omissions constituting the negligence of these supervisory crewmembers, for which CARNIVAL is vicariously liable as alleged above, were one or more of the following:

a. The supervisory crewmembers were inadequately trained to perform their duty of supervision of Club O2 activities and participants.

b. The supervisory crewmembers were not sufficiently experienced in supervising adolescent and youth programming.

c. The supervisory crewmembers were not sufficiently attentive to the needs, behaviors, age, conduct, and circumstances of the adolescents present in Club O2 in order to respond in real time to potentially dangerous situations developing in the club.

d. The supervisory crewmembers did not sufficiently monitor the needs, conduct, behavior, and circumstances of the adolescents present in Club O2.

e. The supervisory crewmembers were not sufficiently attentive to the needs, behavior, conduct and circumstances of minor Plaintiff J.F. while she was in Club O2.

f. The supervisory crewmembers did not sufficiently monitor the needs, behavior, conduct and circumstances of minor Plaintiff J.F. while she was present in Club O2.

g. The supervisory crewmembers at all material times failed to implement proper protocols, policies and procedures for providing security services to minor passengers participating in Club O2 activities.

h. The supervisory crewmembers at all material times failed to implement reasonably careful protocols, policies and procedures for providing security services to adolescent passengers.

i. The supervisory crewmembers failed adequately to warn parents or guardians of minor passengers, including S.F. as J.F.'s mother, concerning the past history of sexual and physical assaults on board CARNIVAL vessels, and other passenger cruise vessels, and further failed to warn parents or guardians to undertake appropriate precautions to prevent, deter, protect against, or minimize the known risks of such assaults.

j. At all material times the supervisory crewmembers failed to maintain adequate video surveillance of shipboard facilities including Club O2, common areas, and passenger stateroom hallways as necessary to provide a reasonably safe level of security for minor passengers.

k. At all material times the supervisory crewmembers failed adequately to monitor the video surveillance of shipboard facilities including Club O2, common areas, and passenger stateroom hallways, which monitoring was needed to provide a reasonably safe level of security for minor passengers.

J.F. et al v. CARNIVAL CORPORATION
CASE NO.

    l. The supervisory crewmembers specifically failed to intervene to prevent or interrupt the contact between an overage male, "Jesus," and a teenager within the age range for Club O2, J.F., at Club O2 on August 27, 2019, and accordingly to prevent the sexual activity referenced in Paragraph 23 above. Available interventions included warning, cautioning or otherwise advising the overage perpetrator Jesus that his attendance at Club O2 activities was unacceptable in accordance with CARNIVAL policies, expelling him from Club O2, and warning J.F. to cease contact with him.

    m. The supervisory crewmembers failed to prevent the adult perpetrator JESUS from entering Club O2 despite the facility's being designated for adolescents 15 through 17 only;

    n. The supervisory crewmembers failed to prevent the adult perpetrator Jesus from leaving Club O2 with J.F.;

    o. The supervisory crewmembers failed to notify onboard security personnel that a minor female had left Club O2 in the company of an overage, unrelated male;

    p. The supervisory crewmembers failed to inform S.F. that her minor daughter J.F. had left Club O2 in the company of an overage, unrelated male;

    q. The supervisory crewmembers also specifically failed to intervene to prevent or promptly and timely to interrupt the physical assault on J.F. within the Club O2 premises as described in Paragraph 26 above.

    r. The supervisory crewmembers at all material times failed to implement proper protocols, policies and procedures for providing security services to minor passengers participating in Club O2 activities.

J.F. et al v. CARNIVAL CORPORATION
CASE NO.

48. As a direct and proximate result of the negligent acts and omissions of the CARNIVAL crewmembers or employees referenced in Paragraph 43 and accordingly assigned to supervise adolescent passengers participating in the Club O2 programming on board the M/S HORIZON CARNIVAL as alleged in the preceding paragraph, J.F. accompanied Jesus and Jesus's companions D. and Z. from the Club O2 facility and the sexual activity described in Paragraph 23 occurred.

49. As a further direct and proximate result of the negligent acts and omissions of the CARNIVAL crewmembers or employees referenced in Paragraph 43 and accordingly assigned to supervise adolescent passengers participating in the Club O2 programming on board the M/S HORIZON CARNIVAL as alleged above, the physical assault on J.F. described in Paragraph 26 occurred.

50. As a further direct and proximate result of the negligent acts and omissions of the CARNIVAL crewmembers or employees referenced in Paragraph 43 and accordingly assigned to supervise adolescent passengers participating in the Club O2 programming on board the M/S HORIZON CARNIVAL as alleged above, for which CARNIVAL is vicariously liable as alleged above, J.F. has sustained and will in the future continue to sustain the compensatory damages alleged in Paragraph 27.  Furthermore, her mother S.F. acting on behalf of J.F. has incurred and will continue to incur the expenses alleged in Paragraph 27.

**WHEREFORE**, the Plaintiffs demand judgment against CARNIVAL for compensatory damages and the costs of this action and further demand trial by jury of all issues so triable as of right.

J.F. et al v. CARNIVAL CORPORATION
CASE NO.

## DEMAND FOR JURY TRIAL

The Plaintiffs hereby demand trial by jury of all issues so triable as of right.

Executed and submitted this 28th day of April, 2022.

                Respectfully submitted,

                **s/Philip M. Gerson**
                Philip M. Gerson, Esq.
                Florida Bar Number 127290
                pgerson@gslawusa.com
                zdiaz@gslawusa.com
                filing@gslawusa.com
                Edward S. Schwartz
                Florida Bar Number 346721
                eschwartz@gslawusa.com
                Nicholas I. Gerson
                Florida Bar Number 0020899
                ngerson@gslawusa.com
                GERSON & SCHWARTZ, P.A.
                *Attorneys for Plaintiff*
                1980 Coral Way
                Miami, FL 33145-2624
                Telephone:    (305) 371-6000
                Facsimile:    (305) 371-5749