UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 22-cv-21332-MARTINEZ/BECERRA

J.F.,

    Plaintiff,

vs.

CARNIVAL CORPORATION,

    Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant, Carnival Corporation d/b/a Carnival Cruise Lines, Inc. ("Carnival") answers and defends Plaintiff's Amended Complaint and Demand for Jury Trial [ECF No. 11].[1]

### JURISDICTION AND VENUE

1. Carnival is without knowledge, therefore denied.

2. Admitted for jurisdictional purposes only.

3. Admitted for jurisdictional purposes only.

4. Carnival admits jurisdiction is proper in this Court. Carnival denies the remaining allegations.

5. Carnival admits only that is does not oppose a jury trial in this case.

6. Carnival admits jurisdiction is proper in this Court. Carnival denies the remaining allegations.

7. Carnival admits it operated the *Horizon* from August 24, 2019, to September 1, 2019.

---

[1] All allegations not expressly admitted by Carnival are denied.

8. Denied.

## ALLEGATIONS COMMON TO ALL COUNTS

9. Admitted that Carnival owns and operates the *Horizon*. All else denied.

10. Admitted.

11. Admitted that J.F. was 15-years old while on the *Horizon*. All else denied.

12. Denied, including all subparagraphs.

13. Denied.

15. Denied.[2]

16. Without knowledge, therefore denied.

17. Admitted that J.F. was a fare paying passengers onboard the *Horizon*. All else denied.

18. Admitted that J.F. was registered for Club 02. All else is denied.

19. Admitted that J.F. was registered for Club 02. All else is denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

---

[2] In Plaintiff's Amended Complaint and Demand for Jury Trial paragraph fourteen (14) was skipped. Defendant has mirrored that in its answer.

## COUNT I
## NEGLIGENCE AGAINST CARNIVAL – DIRECT LIABILITY

29. Defendant adopts and re-alleges its answers to paragraphs 1 through 28.

30. Denied as an incomplete and/or inaccurate statement of law.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied, including all subparagraphs.

37. Denied.

38. Denied.

39. Denied.

## COUNT II
## NEGLIGENCE AGAINST CARNIVAL – VICARIOUS LIABILITY

40. Defendant adopts and re-alleges its answers to paragraphs 1 through 28.

41. Denied as an incomplete and/or inaccurate statement of law.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied, including all subparagraphs.

47. Denied.

48. Denied.

49. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's own negligence caused her injuries. This includes, but is not limited to, that the alleged dangerous condition(s) are open and obvious. Plaintiff voluntarily went into the cabin of another passenger that she did not know and voluntarily engaged in sexual actions with one or more of the passengers. Plaintiff also started and willfully engaged in a fight with another female passenger.

### Second Affirmative Defense

Plaintiff's own negligence was the sole proximate cause of her alleged injuries and damages, if any, because of the alleged sexual assault and fight with another female passenger. Accordingly, Plaintiff's claims are barred as a matter of law.

### Third Affirmative Defense

Third parties over whom Carnival, at the time of their actions, had no control and their intentional acts are the proximate cause of any loss, injury, or damage to Plaintiffs because of the alleged sexual assault. This includes "D," "Z," and "Jesus," and J.F.'s parents. The actions of the third party were an intervening and superseding event.

### Fourth Affirmative Defense

Third parties over whom Carnival, at the time of their actions, had no control and their intentional acts are the proximate cause of any loss, injury, or damage to Plaintiffs because of the alleged fight. This includes Sariyah Murray and J.F.'s parents. The actions of the third party were an intervening and superseding event.

### Fifth Affirmative Defense

Plaintiff's parents agreed to supervise and be responsible for her on the ship, including by agreeing to the terms and conditions of the Ticket Contract. J.F.'s parents breached this agreement and failed to supervise their daughter, J.F. This contributed to and caused the alleged sexual assault and fight with another female passenger.

### Sixth Affirmative Defense

The alleged dangerous condition(s) were open and obvious. Therefore, Carnival did not have a duty to warn Plaintiff.

### Seventh Affirmative Defense

The incident and injuries alleged in the Complaint were the result of intervening and unforeseeable causes for which Carnival had no duty to protect Plaintiff from.

### Eighth Affirmative Defense

The incident and injuries alleged in the Complaint were the result of unforeseeable criminal acts, for which Carnival had no duty to protect Plaintiff from.

### Ninth Affirmative Defense

Carnival had no notice or knowledge of the alleged dangerous condition(s) for the alleged sexual assault and therefore, owed no duty to provide Plaintiff any warning.

### Tenth Affirmative Defense

Carnival had no notice or knowledge of the alleged risk creating condition for the alleged fight and therefore, owned no duty to provide Plaintiff any warning.

### Eleventh Affirmative Defense

This action is governed by and subject to the terms, limitations, and conditions contained in the ticket contract. Carnival adopts and incorporates by reference same herein in their entirety. Plaintiff did not inform Carnival of the alleged sexual assault until September 29, 2021.

**Twelfth Affirmative Defense**

Plaintiff's alleged injuries and damages were caused by actions that Plaintiff freely and voluntarily consented to, including going into the passenger's cabin, any alleged sexual intercourse, and the fight with the other female passenger.

**Thirteenth Affirmative Defense**

Plaintiff failed to mitigate her damages, if any, thus precluding or diminishing Plaintiff's recovery herein to the extent such mitigation would have diminished or avoided Plaintiff's alleged losses or injuries.

**Fourteenth Affirmative Defense**

Plaintiff's injuries, if any, are the result of a pre-existing injury or condition that was not aggravated by the alleged accident claimed herein. Alternatively, if any pre-existing injury or condition was aggravated by any actions alleged in the Compliant, then Plaintiff is only entitled to recovery for the damages resulting from the aggravation.

**Fifteenth Affirmative Defense**

Plaintiff's past medical expense damages are limited to those that are reasonable and necessary, including reduction for any amounts written-off, not submitted or which Plaintiff was not required to pay.

**Sixteenth Affirmative Defense**

Plaintiff failed to state a claim upon which relief can be granted. Plaintiff improperly pleads negligence claims as vicarious liability claims to circumvent the general maritime law notice requirement for direct negligence claims. Plaintiff alleges an unidentified crewmember is Club 02 was negligent. This is insufficient. Neither alleged incident, the sexual assault or fight, occurred in Club 02. Additionally, any action in Club 02 was not the proximate cause of any alleged injury.

CASE NO.: 22-cv-21332-JEM

**Seventeenth Affirmative Defense**

Plaintiff failed to state a claim upon which relief can be granted. Carnival does not have a duty to warn of the alleged risk of fights and sexual assaults as a matter of law.

**Eighteenth Affirmative Defense**

Plaintiff failed to state a claim upon which relief can be granted. Plaintiff failed to identify the crewmember for which she claims Carnival is vicariously liable for with the requisite specificity. Further, Plaintiff's vicarious liability claims sound in premises liability direct negligence for which such claims are legally inapplicable.

Respectfully submitted,

MASE SEITZ BRIGGS, P.A.
*Attorneys for Defendant*
2601 South Bayshore Drive, Suite 800
Miami, Florida 33133
Telephone: (305) 377-3770
Facsimile: (305) 377-0080

By: */s/ William Seitz*
   CURTIS J. MASE
   Florida Bar No. 478083
   cmase@maselaw.com
   WILLIAM R. SEITZ
   Florida Bar No. 73928
   wseitz@maselaw.com
   LAUREN N. CABEZA
   Florida Bar No. 1025668
   lcabeza@maselaw.com