UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 22-cv-21332-MARTINEZ/BECERRA

J.F.,

    Plaintiff,
vs.

CARNIVAL CORPORATION,

    Defendant.

_____/

## JOINT PRETRIAL STIPULATION

Plaintiff, J.F., and Defendant, Carnival Corporation ("Carnival"), pursuant to Local Rule for the Southern District of Florida 16.1, hereby file their Joint Pretrial Stipulation:

**1. Joint Neutral Statement of the Claims:**

This case stems from an incident that occurred while Plaintiff was a passenger onboard the Carnival *Horizon* in August of 2019. Plaintiff alleges that on August 28, 2019, she was sexually assaulted in a passenger cabin by three male passengers. Carnival denies Plaintiff's claim. Carnival maintains that Plaintiff consented to any sexual activity that occurred and denies that it was negligent.

Plaintiff alleges that Carnival is directly negligent and vicariously liable for the acts of its crewmembers. Plaintiff alleges Carnival, through its crewmembers, failed to supervise adolescents in Club O2, failed to warn parents of the risk of sexual assaults, and failed to maintain reasonable security for the protection of passengers. Plaintiff alleges Carnival is liable for Plaintiff's claimed emotional injuries. Plaintiff is not asserting a separate claim of negligence for a fight involving Sariyah Murray on the cruise. Plaintiff asserts that the fight contributed to Plaintiff's damages

arising from the sexual assault. Carnival denies any negligence and asserts that it maintains reasonable supervision and security on the ship for passengers' protection. Carnival asserts that the sexual assault was not reasonably foreseeable. Carnival also asserts that absent Plaintiff specifically identifying a crewmember, it cannot be vicariously liability for a crewmember's negligence.

2. **Basis for Federal Jurisdiction:**

This Court has jurisdiction by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. §1333 and §1332 and venue is proper based on the forum selection clause contained in Plaintiff's Passenger Ticket Contract.

3. **Pleadings Raising the Issues:**

    a. Amended Complaint [ECF No. 11];

    b. Defendant's Answer and Affirmative Defenses [ECF No. 45].

4. **Undisposed Motions or Matters requiring action by the Court:**

    a. Plaintiff's *Daubert* Motion to Strike Corey Ranslem [ECF No. 91];

    b. Defendant's Motion for Summary Judgment [ECF No. 93];

    c. Plaintiff's Motion to Strike Defendant's Statement of Facts [ECF No. 95];

    d. Defendant's Omnibus Motion in Limine [ECF No. 137];

    e. Defendant's Motion for Spoliation Sanctions [ECF No. 138];

    f. Defendant's Motion to Preclude Plaintiff from Using Expert Evidence from Non-Retained Medical Experts at Trial [ECF No. 141];

    g. Defendant's Request for Judicial Notice [ECF No. 142];

    h. Plaintiff's Omnibus Motion in Limine [ECF No. 143].

5. **Statement of Uncontested Facts:**

    a.  Plaintiff was a passenger on the Carnival *Horizon* on August 25–31, 2019.

    b.  On August 25–31, 2019, Carnival Corporation owned and operated the Carnival *Horizon*.

    c.  Plaintiff participated in Club O2 onboard the Carnival *Horizon*, which is the activity group for passengers aged fifteen through seventeen.

    d.  Plaintiff had a physical conflict with Sariyah Murray onboard the *Carnival Horizon* on August 31, 2019, at approximately 1:45 a.m.

    e.  Plaintiff participated in Club O2 onboard the *Carnival Horizon*, which is the activity group for passengers aged fifteen through seventeen.

6. **Issues of Fact to be Litigated at Trial:**

    a.  Whether Plaintiff was sexually assaulted.

    b.  Whether Plaintiff consented to the sexual activity at issue.

    c.  Whether Defendant is directly negligent, and, if so, whether Defendant's negligence was a proximate cause of Plaintiff's alleged injuries.

    d.  Whether Defendant is vicariously liable for the negligence of its crewmembers, and, if so, whether the crewmember's negligence was a proximate cause of Plaintiff's alleged injuries.

    e.  Whether the acts of third parties was the cause of Plaintiff's damages.

    f.  Whether Plaintiff was comparatively negligent, and if so, whether Plaintiff's negligence was a proximate cause of Plaintiff's alleged injuries.

    g.  Whether Plaintiff's negligence was the sole and proximate cause of her damages.

    h.  The amount of damages, if any, resulting from the claimed negligence of Defendant.

7. **Issues of Law on which there is Agreement:**

    a. General Maritime Law applies to this action.

    b. To state a negligence claim under maritime law, a plaintiff must establish by the preponderance of the evidence that (1) the defendant had a duty of reasonable care; (2) the defendant breached that duty; (3) the breach actually and proximately caused plaintiff's injury; and (4) the plaintiff suffered actual harm. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012).

    c. Defendant owes the duty of exercising reasonable care under the circumstances towards passengers. This standard requires as a prerequisite to imposing liability that the carrier had actual or constructive notice of the injury-causing condition. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989).

8. **Issues of Law for Determination by the Court:**

    a. The legal issues presented in the pending motions.

9. **List of Trial Exhibits:**

    a. Pursuant to the Court's Order on Trial Procedures [ECF No. 133], the parties shall file their Exhibit Lists on or before calendar call.

10. **List of Trial Witnesses:**

    a. Pursuant to the Court's Order on Trial Procedures [ECF No. 133], the parties shall file their Witness Lists on or before Calendar call.

11. **Estimated Time for Trial:**

    a. The Parties estimate that the trial of this cause will require 4–5 days.

12. **Attorneys' Fees:**

    a. The parties agree that there are no prevailing party attorneys' costs and fees at issue in this case.

CASE NO.: 22-cv-21332-JEM

Respectfully submitted,

MASE SEITZ BRIGGS, P.A.
*Attorneys for Defendant*
2601 South Bayshore Drive, Suite 800
Miami, Florida 33133
Telephone: (305) 377-3770
Facsimile: (305) 377-0080

By: */s/ Lauren N. Cabeza*
    WILLIAM R. SEITZ
    Florida Bar No. 73928
    wseitz@maselaw.com
    LAUREN N. CABEZA
    Florida Bar No. 1025668
    lcabeza@maselaw.com
    CHARLOTTE A. ROBINSON
    Florida Bar No. 1039863
 crobsinson@maselaw.com

*/s/Edward S. Schwartz*
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
filing@gslawusa.com
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiff
1980 Coral Way
Miami, FL 33145-2624
Telephone:     (305) 371-6000
Facsimile:     (305) 371-5749

## SERVICE LIST
### J.F. v. CARNIVAL CORPORATION
### CASE NO. 1:22cv21332

| | | |
|---|---|---|
| **Philip M. Gerson, Esq.** <br> Florida Bar No. 127290 <br> pgerson@gslawusa.com <br> **Nicholas I. Gerson, Esq.** <br> Florida Bar No. 20899 | | **William R. Seitz, Esq.** <br> wseitz@maselaw.com <br> **Lauren N. Cabeza, Esq.** <br> lcabeza@maselaw.com |

5

MASE SEITZ BRIGGS

CASE NO.: 22-cv-21332-JEM

| | | |
|---|---|---|
| ngerson@gslawusa.com<br>**Edward S. Schwartz, Esq.**<br>Florida Bar No. 346721<br>eschwartz@gslawusa.com<br>**David L. Markel, Esq.**<br>Florida Bar No. 78306<br>dmarkel@gslawusa.com<br>filing@gslawusa.com<br>**GERSON & SCHWARTZ, P.A.**<br>1980 Coral Way<br>Miami, Florida 33145<br>Telephone:(305) 371-6000<br>Facsimile:(305) 371-5749<br>***Attorneys for Plaintiff*** | | **MASE MEBANE SEITZ, P.A.**<br>**2001 South Bayshore Drive, Suite 800**<br>**Miami, Florida 33133**<br>**Tel: (305) 377-3770**<br>**Fax: (305) 377-0080**<br>***Attorneys for Defendant*** |