UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-21332-CIV-MARTINEZ/SANCHEZ

J.F.,

    Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR BILL OF COSTS**

This matter is before the Court on Defendant Carnival Corporation d/b/a Carnival Cruise Lines' ("Defendant" or "Carnival") Motion for Bill of Costs, ECF No. 189.[1] On December 27, 2023, the Court granted Carnival's Motion for Summary Judgment in full and entered a final judgment in favor of Carnival. ECF Nos. 186, 187. Carnival now seeks $50,104.91 in taxable costs under 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and Local Rule 7.3. After careful consideration of the motion, the record, and the applicable law, and otherwise being fully advised in the premises, the undersigned **RESPECTFULLY RECOMMENDS** that Defendant's Motion for Bill of Costs, ECF No. 189, be **GRANTED IN PART AND DENIED IN PART**.

    **I.**    **LEGAL STANDARD**

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R.

---

[1] The Honorable Jose E. Martinez, United States District Judge, referred to the undersigned "any and all post-judgment matters, including Defendant's Motion for Bill of Costs." ECF No. 192.

Civ. P. 54(d)(1). Rule 54 "creates a presumption in favor of awarding costs to the prevailing party." *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991).

District Courts may tax as costs the following:

(1) Fees of the Clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title; [and]
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. "[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). "When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1332 (S.D. Fla. 2009).

## II. ANALYSIS

Here, Judge Martinez entered Final Judgment in favor of Defendant and against Plaintiff. ECF No. 187. As the prevailing party, Defendant seeks $45,084.37[2] for costs associated with printed or electronically recorded deposition transcripts, $4,300.54 for exemplification and costs associated with making copies of Plaintiff's medical records, $680.00 for fees for service of

---

[2] The undersigned has carefully reviewed the invoices attached to the Bill of Costs. *See* ECF No. 189-1. Defendant provided a breakdown of fees for transcripts that totals the amount claimed of $44,793.37. *See* ECF No. 189-4 at 3-5. The total of the attached invoices is $45,084.37, which is $291 higher than the amount Defendant claims. Accordingly, this Report and Recommendation will use $45,084.37 as the amount sought for deposition transcript fees. *See Levesque v. GEICO*, Case No. 15-14005-CIV-MARRA/MAYNARD, 2022 WL 1667409, at *1 n.1 (S.D. Fla. Mar. 5, 2022).

summons and subpoenas, and $40.00 in witness fees, totaling $50,104.91 for the costs incurred in defending this litigation.  *See* ECF No. 189.  The Court examines each category in turn.

**1.  Fees for Printed or Electronically Recorded Transcripts**

Costs for deposition transcripts and deposition costs are taxable under 28 U.S.C. § 1920(2) if they were "necessarily obtained for use in the case."  *EEOC v. W & O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000); *see also Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258 (S.D. Fla. 2013).  "In determining the necessity of a deposition, the deposition must only appear to have been reasonably necessary at the time it was taken, regardless of whether it was ultimately used at trial."  *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015) (citing *EEOC*, 213 F.3d at 620-21).

Defendant seeks $45,084.37 in fees for deposition transcripts.  Defendant contends that the transcripts were reasonably obtained "because they were necessary for drafting pretrial motions, Defendant's motion for summary judgment, completing discovery as ordered by this Court, and preparing for the anticipated trial."  ECF No. 189-4 at 5.  Defendant also provides individual justifications for ordering each transcript.  *See id.* at 3-5.

The Court finds that Defendants have established that the depositions would have been necessary at the time they were taken and that the transcripts were "necessarily obtained for use in the case."  *EEOC*, 213 F.3d at 620-21.  Plaintiff has filed no objection to Defendant's request, and Defendant has provided the relevant court reporter invoices, ECF No. 189-1.  The Court, thus, finds that Defendant is entitled to recover $21,402.90 in transcript fees, $2,580 in appearance fees, and $1,050 in video connection fees.  These are necessary fees and were not incurred for the mere

convenience of counsel.[3]

Moreover, Defendant is entitled to recover $2,599 for video transcripts and $7,263.75 for videographers to record depositions. Although Defendant ordered both video and written transcripts for the same depositions, *see, e.g.*, ECF No. 189-1 at 1-2, courts may tax "both the written transcription and the videotaping of depositions." *State Farm Fire & Cas. Co. v. King Sports, Inc.*, 841 F. Supp. 2d 1317, 1320 (N.D. Ga. 2012) (citing *In re Ricoh Co. Patent Lit.*, 661 F.3d 1361, 1370 (Fed. Cir. 2011)). Here, Defendant sought video transcripts and video recording services for reasonably necessary depositions in anticipation of trial, and Plaintiff has filed no opposition. Thus, the Court finds these fees are taxable, and Defendant is entitled to recover them.

Although the Court does generally find that Defendant is entitled to recover the court reporter attendance fees and transcript costs, the invoices contain some fees that are not recoverable under Section 1920.

Defendant seeks reimbursement for fees incurred for: (1) litigation support ($420); (2) processing/delivery ($420); (3) expedited transcripts ($3,839.42); (4) syncing videos ($1,912.50); (5) handling exhibits ($337.20); (6) finance charges/late fees ($1,204.65); (7) printing hardcopies ($1,501.50); facility/office fees ($337.50); and electronic PDF, MINI, and ASCII files ($216).

"Where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *EEOC*, 213 F.3d at 620. Thus, "miscellaneous costs associated with deposition transcripts, such as shipping and handling, expedited delivery of transcripts, exhibit costs, or condensed transcripts, are not taxable

---

[3] The Court also notes that some fees listed on invoices were for cancelled depositions, *see, e.g.*, ECF No. 189-1 at 38, but Defendant explained that these charges were associated with obtaining a certificate of non-appearance. ECF No. 189-4 at 4. Such charges are taxable. *See Joseph*, 950 F. Supp. 2d at 1259 (taxing costs related to certificate of non-appearance of deposition witness); *id.* at n.2 (collecting cases).

because they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case." *Sloan v. Miami-Dade Cnty.*, Case No. 1:18-CV-21517-SCOLA/LOUIS, 2020 WL 5902486, at *3 (S.D. Fla. Jan. 24, 2020) (citing *Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012)); *see also, e.g.*, *Blanco v. Samuel*, No. 21-CV-24023, 2023 WL 4160667, at *7 (S.D. Fla. Apr. 14, 2023) (declining to award costs for electronic PDF, Mini, ASCII & E-TRAN versions of transcripts), *report and recommendation adopted*, 2023 WL 4160639 (S.D. Fla. June 23, 2023). "Similarly, 'costs for litigation support or for electronic processing,' including archival and synchronization," are for the convenience of counsel and not taxable. *Levesque*, 2022 WL 1667409, at *3 (quoting *Sloan*, 2020 WL 5904286, at *3). The Court will also not allow Defendant to recover its finance charge/late fees, as Defendant has provided no explanation for why this fee is taxable. *See Venerio v. Fed. Express Corp.*, No. 17-22624-CIV, 2018 WL 9367858, at *4 (S.D. Fla. Dec. 27, 2018)*, report and recommendation adopted*, 2019 WL 3841902 (S.D. Fla. Jan. 14, 2019).

Last, Defendant has not explained why it had reason to believe that it was necessary to re-print deposition transcripts when it had already obtained at least an original and/or a copy from the court reporter. *See EEOC*, 213 F.3d at 623 (holding that costs of copying records is recoverable if "the prevailing party could have reasonably believed that it was necessary to copy the papers at issue."). Without any explanation, Defendant is not entitled to recover the costs of re-printing depositions.

Accordingly, the undersigned **RESPECTFULLY RECOMMENDS** reducing the total amount sought by $10,188.77 and awarding Defendant **$34,895.60** for transcripts.

5

**2. Fees for Exemplification and the Cost of Making Copies**

Defendant seeks to recover $4,300.54 in fees incurred for copying Plaintiff's medical records. The Court may tax costs "for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). As stated above, prevailing parties can recover copying costs that they believed were reasonably necessary. *See EEOC*, 213 F.3d at 623 ("Copies attributable to discovery" are recoverable).

Here, Defendant states the medical records "were used during the depositions of treating doctors, the deposition[s] of experts, in drafting pre-trial motions, and in preparation of trial." ECF No. 189-4 at 6. The attached invoices, ECF No. 189-2, do not controvert this explanation, and Plaintiff has not challenged Defendant's characterization of the invoices. Accordingly, Defendant is entitled to recover these fees. However, none of the invoices substantiate Defendant's request for a $74.00 processing fee from the Ministry of Health or a $3.79 processing fee from the Durham Regional Police Department. *See* ECF No. 189-4 at 7.

Accordingly, the undersigned **RESPECTFULLY RECOMMENDS** reducing the total amount sought by $77.79 and awarding Defendant **$4,222.75** for exemplification and copies.

**3. Service of Process**

Defendant seeks to tax $680 in costs for fees for "serv[ing] subpoenas on witnesses and Plaintiff's treating doctors." ECF No. 189-4 at 8. Prevailing parties are entitled to recover "fees of the clerk and marshal." 28 U.S.C. § 1920(1). "This Circuit has held that § 1920(1), read in conjunction with 28 U.S.C. § 1921, authorizes a court to tax private process servers' fees as costs, provided that their rates do not exceed the cost of having the U.S. Marshal's service effectuate service." *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 649 (S.D. Fla. 2007) (citing *EEOC*,

213 F.3d at 623-24). The current U.S. Marshals Service rate is $65 per hour (or portion thereof). *See* 28 C.F.R. § 0.114(a)(3).

Defendant seeks $95 for nationwide service of six subpoenas and $55 for statewide service of two subpoenas. ECF No. 189-4. Although the Court recognizes that Defendant "is not seeking reimbursement for additional fees listed on the supporting invoices," Defendant has not explained why it should be reimbursed at a rate higher than the U.S. Marshal's service. *Id.* As such, the Court concludes that Defendant is not entitled to recover a sum greater than $65 for service of each subpoena.

Accordingly, the undersigned **RESPECTFULLY RECOMMENDS** reducing the total amount sought by $160 and awarding Defendant **$520.00** for service costs.

## 4. Witness Fees

Last, Defendant seeks to tax $40.00 as a witness fee for Daniel Quiles Prianti. ECF No. 189 at 2. Pursuant to 28 U.S.C. § 1920(3), courts may tax costs for "fees and disbursements for . . . witnesses," and the $40.00 fee is shown on an invoice, *see* ECF No. 189-3 at 3. As such, the Court finds this fee is recoverable, and the undersigned **RESPECTFULLY RECOMMENDS** awarding Defendant **$40.00** for witness fees.

## III. CONCLUSION

Having carefully reviewed the Motion—and noting that the Plaintiff has failed to file any opposition to the Motion[4]—the undersigned finds that, of the $50,104.91 in costs sought,

---

[4] As of the date of this Report and Recommendation, Plaintiff has neither responded nor sought an extension of time to respond to Defendant's Motion. The only evidence of Plaintiff's position appears in the Motion's Rule 7.1 and 7.3 Certification, which states that "Plaintiff's counsel objects to the relief sought herein." ECF No. 189-4 at 8. On this basis alone, the Court may deem Plaintiff's failure to respond "sufficient cause for granting the motion by default." *See* S.D. Fla. L.R. 7.1(c).

Defendant is entitled to recover the following: (1) $34,895.65 for transcripts and copies necessarily obtained for use in this case; (2) $4,222.75 for fees for exemplification and costs associated with making copies; (3) $520.00 for fees for summons and subpoenas; and (4) $40.00 for witness fees. Such costs, totaling **$39,678.40**, are properly taxable pursuant to 28 U.S.C. § 1920.

Based on the foregoing, the undersigned **RESPECTFULLY RECOMMENDS** that Defendant's Motion for Bill of Costs, ECF No. 189, be **GRANTED IN PART AND DENIED IN PART**, and that the Defendant be awarded **$39,678.40** in taxable costs.

Within seven (7) days from the date of receipt of this Report and Recommendation, that is, **by September 4, 2024**, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge. Failing to file timely objections will bar a de novo determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 27th day of August, 2024.

                                                    EDUARDO I. SANCHEZ
                                                    UNITED STATES MAGISTRATE JUDGE

cc:     Hon. Jose E. Martinez
         Counsel of Record