UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 22-21332-CIV-MARTINEZ-SANCHEZ

JF,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS MATTER** was referred to the Honorable Eduardo I. Sanchez, United States Magistrate Judge, for a ruling on all pre-trial, non-dispositive matters, and for a Report and Recommendation ("R&R") on Defendant's Motion for Bill of Costs ("Motion"), (ECF No. 189). (ECF No. 192.) Defendant's Motion was filed on January 26, 2024, and accordingly, Plaintiff's response to the Motion was due on or before February 9, 2024. (ECF No. 189.) Plaintiff failed to respond or request an extension of time to do so by the deadline. The Motion was referred to Judge Sanchez for an R&R on April 3, 2024. (ECF No. 192.) Judge Sanchez recommended that the Motion be granted in part and denied in part, and that Defendant be awarded $39,678.40 in taxable costs. (ECF No. 198.) This Court has a duty to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). It also may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The Court, having conducted a *de novo* review of the record **AFFIRMS** and **ADOPTS** the R&R and overrules Plaintiff's objections for the reasons stated herein.

Plaintiff's Objections to the R&R request a stay or deferral of adjudication or enforcement; argue that some of the costs sought by Defendant for depositions and records should not be awarded because they were not relevant or necessary to determining the issues raised in the summary judgment motion or in entering the summary judgment; and argue that Defendant should not be awarded costs for video deposition recordings and video syncing because Defendant did not establish that it was necessary. (ECF No. 199.) Defendant responded that Plaintiff's failure to respond to the Motion waived any objections, as the arguments asserted in Plaintiff's Objections were available at the time the Motion was filed; that Plaintiff's Objections do not establish that the R&R is clearly erroneous or contrary to law; that Plaintiff failed to meet her burden of establishing the elements for a stay or deferral are met; that the depositions and records are taxable regardless of the Court's disposition on summary judgment because they were necessarily obtained for use in the case; and that Plaintiff's argument regarding the cost of video recording and syncing does not apply the proper standard. (ECF No. 200.) Plaintiff's reply merely rehashes the same arguments raised in her Objections and fails to address Defendant's argument that Plaintiff's failure to respond to the Motion waived her objections. (ECF No. 201.) In fact, Plaintiff completely ignores the fact that she failed to respond to the Motion.

Plaintiff's failure to respond to Defendant's Motion waived any objections to the arguments therein. "[W]hen a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned." *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) (quotation marks omitted)). "By failing to respond, the [non-moving party] waives its legal arguments." *Yunker v. AllianceOne Receivables Mgmt., Inc.*, 2011 WL 13323094, at *1 (S.D. Fla. Aug. 2, 2011) (stating that party "offered no excuse whatsoever for its failure to respond to the motion and its legal arguments are based on authorities that were available when motions were pending"); *Suarez v. Costco Wholesale Corp.*, 2023 WL 2536992, at *7 (S.D. Fla. Mar. 16, 2023); S.D. Fla. L. R. 7.1(c) (party's failure to respond to a motion "may be deemed

sufficient cause for granting the motion by default"). All of the arguments raised in Plaintiff's Objections were available to Plaintiff and could have been raised in response to the Motion.

Further, the Court declines to exercise its discretion to grant Plaintiff's untimely request for a stay or deferral of adjudication or enforcement. Again, Plaintiff fails to address why this request was not made in response to the Motion or at any time after the referral of the matter to Judge Sanchez and prior to the entry of the R&R (a period of nearly five months).

After careful consideration, it is hereby **ORDERED AND ADJUDGED** that:

1. United States Magistrate Judge Sanchez's Report and Recommendation, (ECF No. 198), is **AFFIRMED** and **ADOPTED**.

2. Plaintiff's Objections to the R&R, (ECF No. 199), are **OVERRULED**.

3. Defendant is awarded **$39,678.40** in taxable costs.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27 day of September, 2024.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copied provided to:
Magistrate Judge Sanchez
All Counsel of Record